1  Felix A. Seidler    CSB 62717
   REEVES & SEIDLER
2  2527 Santa Clara Avenue
   Alameda, California  94501
3  Telephone:  (510) 521-8111
   Facsimile:  (510) 521-3895
4  E-mail attyseidler@netscape.net

5  Attorney for Creditor/Moving Party
   CASTLE COUNTRY INVESTMENTS, LLC

6

7

8                 UNITED STATES BANKRUPTCY COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 In re:                    )    NO.  09-42975 WJL
                             )
12 KEVIN MICHAEL GILLIKIN,   )    Chapter 13
                             )
13                           )    RS.  FAS-030
                             )
14      Debtor.              )
                             )    Date:  April 4, 2012
15                           )    Time:  9:30 a. m.
   _____  )    Room:  220
16

17                          **AMENDED**

18     MOTION FOR RELIEF FROM AUTOMATIC STAY OR, ALTERNATIVELY,
            AN ORDER CONFIRMING NO STAY IS IN EFFECT

19     1.  This court has jurisdiction in this proceeding under 28 USC

20 §157(b) and 11 USC §362.

21     2.   The moving party, Castle Country, Investments, LLC, a

22 Colorado limited liability company, is the holder of a promissory note

23 executed by debtor in the original principal amount of $255,000 which

24 is secured by a first deed of trust on the real property at 11068

25 Cragmont Avenue, Berkeley, California.  The note provides it was due

26 in full July 1, 2011.  The moving party accepted three additional

27 interest payments after the due date resulting in the interest being

28 paid through September 30, 2011.  Debtor made no further payments.

MOTION FOR RELIEF FROM STAY              1

3.   The moving party commenced foreclosure of the deed of trust by non-judicial foreclosure as provided by California law.  Civil Code §2924, ff.   An order was placed with a title company for a trustee's title report.   The title company was requested to record the appropriate Notice of Default which it did February 24, 2012.  In the preparation of the title report, the within bankruptcy case was discovered.   In addition to the other relief requested herein, the moving party requests the court ratify the issuance and recording of the Notice of Default *nunc pro tunc.*

4.   This Chapter 13 case was filed April 10, 2009.  The first amended Chapter 13 plan was confirmed October 14, 2009 (Docket 23) which included the revesting of the estate property in debtor.   The plan was subsequently modified on motion by order entered July 20, 2011 (Docket 51 and 55).

5.   The note the subject of this motion and the deed of trust securing it were made by debtor December 15, 2010.  The deed of trust was recorded January 3, 2011, as Document 2011001530, Alameda County Records.   As set forth in the declaration of the attorney for the moving party filed herewith, the note was made in contemplation of the purchase of the real property at 1068 Cragmont Avenue, Berkeley.

6.   No reference to the purchase of the real property or the making of the note is found in any of the bankruptcy documents.   The purchase of the Cragmont property and the moving party's note occured after the confirmation of debtor's plan and were thus post-confirmation and the Cragmont property did not become property of the estate.   The plan modification was subsequent to debtor's purchase of the Cragmont property and the note and deed of trust but did not mention or refer to them at all and thus had no effect on the property

MOTION FOR RELIEF FROM STAY                          2

1  obtained by debtor post-confirmation.  Since the Cragmont property was
2  not acquired by the estate, 11 USC §541(a)(7) has no application.

3      7.   The moving party believes the stay in bankruptcy did not
4  affect thoe Cragmont property at all.  An order confirming no stay in
5  bankruptcy affects the Cragmont property is appropriate since the
6  Cragmont property is not property of the estate and not affected by 11
7  USC §362(a)(3)and (4).

8      8.   Alternatively, debtor has not taken any action to provide the
9  moving party with adequate protection by full payment of his
10  obligation by amending it within his plan.  This is in no way feasible
11  in that since such an amendment would require debtor to increase his
12  plan payments by approximately $14,000 per month for the balance of
13  the plan period.   On this basis, the moving party is entitled to
14  relief from stay.

15                              REEVES & SEIDLER

16  Dated:  March 2, 2012

                              /s/ Felix A. Seidler
17                              Felix A. Seidler
                              Attorneys for the Moving Party
18
19
20
21
22
23
24
25
26
27
28

MOTION FOR RELIEF FROM STAY              3